## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

TYRONE WILLIAM HOLLAND,    :
    :
    Plaintiff,    :
    :
vs.    :    CASE NO. 5:13-CV-413-MTT-MSH
    :    42 U.S.C. § 1983
GREGORY McLAUGHLIN, e*t al.*,    :
    :
    Defendants.    :
_____

## ORDER AND RECOMMENDATION

Plaintiff Tyrone Holland has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Macon State Prison.  Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee.  Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus GRANTED.

This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee  using the payment plan described in 28 U.S.C. § 1915(b).  The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148

2

F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. ANALYSIS OF CLAIMS

In his complaint, Plaintiff sues Macon State Prison ("MSP") Warden Gregory McLaughlin, Deputy Warden Don Blakely, Captain Timothy Sales, and Lieutenant Willie Riers. (Compl. 1; ECF No. 1.) Plaintiff alleges that on September 4, 2013, he was stabbed by his cellmate in Unit K2 at the prison. (Compl. 4.) Plaintiff avers that he then requested to be placed in protective custody to prevent another possible attack. (*Id.*) Plaintiff alleges that Defendant Riers took him, handcuffed and bloodied, to Unit J, where inmates in protective custody are held and placed him in a concrete shower. (*Id.*) Plaintiff states that he was told that the unit was full and that another inmate would have

to be released from protective custody for him to be able to enter it.  (*Id.*)  About thirty minutes later, Defendant Riers told Plaintiff that Defendant Sales wanted Plaintiff placed in the "population-lockdown unit of H-2."  (*Id.*)  Plaintiff asserts that he rejected the placement and was told by Defendant Riers that the reason he was not being placed in the J-Unit under protective custody was "based on [Defendant Sales'] refusal to release an inmate off of Unit J-1 to replace the Plaintiff's vacant bunk in Unit K-2 all because of some alleged policy involving placement in that unit."  Plaintiff states that he was told that by refusing the placement in Unit H, he would have to stay locked in the shower until he changed his mind.  (*Id.*)  The next morning, September 5, 2013, after being held in the shower for more than twelve hours, Plaintiff states that he was told by Defendant Blakely that he would be placed in the J Unit "as soon as inspection was completed."  Five hours later, Plaintiff alleges that another inmate had been placed in the J-Unit instead of him. Around 7:30 that evening, Plaintiff contends that he was told by Defendant Riers that he would be spending another night in the shower.  At that point, Plaintiff agreed to be placed in the "double-bunking" section of Unit H-1.  Around 10:30 that evening, Plaintiff was finally released from the shower and taken to the H-Unit.  (*Id.*)

Three days later, on September 8, 2013, Plaintiff alleges he was still in the H-Unit and asked Defendant Blakely why he had not yet been placed in protective custody.  On September 9, Plaintiff filed a grievance with Defendant McLaughlin regarding his request for protective custody and being locked in the shower.  Plaintiff brought the matter to Defendant Sales the next day.  He contends he got no response.   As of September 19,

2013, Plaintiff was still awaiting a transfer to protective custody.  (*Id.* at 5.)  Plaintiff contends he suffered Eighth and Fourteenth Amendment violations at the hands of the Defendants. (*Id.*)

With regard to the claims as alleged in Plaintiff's complaint, it is found that Plaintiff has failed to state a claim upon which relief may be granted.  The facts, reviewed in a light more favorable to Plaintiff, show that after he was injured in what he claims was a "hit," Plaintiff requested to be removed from the general population and his request was granted.  (Compl. 4.)  At that point, in response to his request to be placed in protective custody, Plaintiff was placed in a secure, albeit not desirable, location for his own safety.  Plaintiff was offered a place in an administratively segregated unit, but rejected the offer.  Thus, by his own admission, the Defendants only kept him locked in the shower until a spot opened up for him or he acquiesced to be being placed in the administrative segregation unit.

Furthermore, the Eleventh Circuit has held that "there is no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."  *Sanchez v. McCay,* 349 F. App'x 479, 480 (11th Cir. 2009); citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  It follows then, that an inmate would also not have a right to be placed in protective custody.  *Mozee v. Crowley,* 188 F. App'x. 241, 242 (5th Cir.2006); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Jolly v. Van Peavy,* 2012 WL 4829269 at *3 (M.D.Ga. August 30, 2012).  As such, Plaintiff's claims that his eighth and

fourteenth amendment rights were violated must fail.  Thus, it is recommended that Plaintiff's claims be DISMISSED.

On October 28, 2013, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 3), wherein he stated that he was now housed in administrative segregation in protective custody.  In the exhibits filed with Plaintiff's motion for an injunction, is a request form which shows that Plaintiff is now housed in the J1 Unit- cell # 102.  However, in his motion, Plaintiff also claims he is denied the same access to the prison law library as "population inmates" are given.[1]  (*Id.* at 2.) Plaintiff also sought a transfer to another prison out of fear of a second attack by other inmates and lists several prisons that would allow him to practice his religious "restricted vegan" diet.  (*Id.* at 4, 5.)  Plaintiff stated further that he did not want to be transferred to Telfair State Prison because he filed a § 1983 lawsuit against the officers there in 2009, and does not want to be subjected to retaliation.  (*Id.*)  In a second Motion for Preliminary Injunction and Temporary Restraining Order, filed on November 8, 2013, Plaintiff clarifies his original motion by stating that he previously thought he was in protective custody, but, in fact, was not.  (ECF No. 8.)  Plaintiff again seeks to be placed in protective custody in a single-bunk cell.  (*Id.*)

---

[1] Plaintiff's denial of access to the law library claim should also be dismissed.  A Plaintiff who claims a lack of access to the law library "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *F.T.C. v. Lalonde*, ---F. App'x ---, 2013 WL 5734888, *6 (11th Cir. 2013) (internal quotations and emphasis omitted).

As to Plaintiff's two motions for preliminary injunction, the Eleventh Circuit has held that such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

In the present case, Plaintiff has not alleged sufficient facts to support his request for injunctive relief under the above standard. Plaintiff fails to allege that he will suffer irreparable injury. Instead, he alleges only a speculative possibility of future injury. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001)); *see also Holland America, Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir.1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). Nor has Plaintiff alleged facts suggesting that he will likely succeed on the merits of his claims. Finally, Plaintiff has not shown that the alleged threat outweighs the harm to the administration of the prison system or that granting the motion will not be adverse to the public interest. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and

7

practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). There is simply no indication that the "drastic remedy" of injunctive relief is warranted at this juncture. Accordingly, it is recommended that Plaintiff's Motions for injunctive relief be DENIED.

## CONCLUSION

WHEREFORE, for the foregoing reasons it is ordered that Plaintiff's Motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED. It is further recommended that Plaintiff's motions for injunctive relief (ECF Nos. 3, 8) be DENIED, and his Complaint (ECF No. 1) be DISMISSED. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to the recommendations with the United States District Judge within fourteen (14) days after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 19th day of November, 2013.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE